Russell M. Selmont (SBN 252522)
  rselmont@ecjlaw.com
Elliot Chen (SBN 313941)
  echen@ecjlaw.com
**ERVIN COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Twelfth Floor
Beverly Hills, California 90212-2974
Telephone: (310) 273-6333
Facsimile: (310) 859-2325

Attorneys for Plaintiff Future Roots, Inc. d/b/a Dublab

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FUTURE ROOTS, INC. D/B/A DUBLAB, a Delaware non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>YEAR0001 AB, a Swedish Corporation; JONATAN ARON LEANDOER HÅSTAD a/k/a YUNG LEAN, an individual; CARL-MIKAEL GÖRAN BERLANDER a/k/a YUNG GUD, an individual; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:23-cv-6825<br><br>**COMPLAINT FOR:**<br>**(1) DIRECT COPYRIGHT INFRINGEMENT**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**(3) VICARIOUS COPYRIGHT INFRINGEMENT**<br>**(4) BREACH OF CONTRACT** |

Plaintiff Future Roots, Inc. d/b/a Dublab ("Dublab"), for its Complaint against defendants Year0001 AB ("Year0001"), Jonatan Aron Leandoer Håstad ("Yung Lean"), Carl-Mikael Göran Berlander ("Yung Gud"), and DOES 1 through 10, hereby alleges as follows:

## INTRODUCTION

1. This music copyright infringement suit arises from Yung Lean and Yung Gud's unauthorized sampling of Dublab's 2008 musical work "Loop 61" to create their hit song "Ginseng Strip 2002," for commercial purposes and without attribution.

2. In 2008, Dublab, a non-profit radio station based in Los Angeles, CA, released INTO INFINITY, a compilation of 8-second sound loops and circular graphics from audio and visual artists from around the world, making them available to amateur and professional remixers from around the world under the Creative Commons Attribution-Noncommercial 3.0 license. "Loop 61," is one of the 8-second audio loops released as part of the INTO INFINITY compilation, created as a work for hire by producer De De Mouse (real name: Daisuke Endo).

*htttps://dublab.bandcamp.com/track/loop-61*

3. There can be no dispute that Yung Lean and Yung Gud sampled Loop 61 in creating Ginseng Strip 2002. Loop 61 is the main musical element that carries the song Ginseng Strip 2002. Loop 61 plays on repeat for the duration of the track—eighteen times—forming the rhythmic pattern of the song as well as the harmonic structure on which everything else, including Yung Lean's vocals, are built.

4. Ginseng Strip 2002 has been a major success, with nearly 250 million plays on Spotify and nearly 90 million views on YouTube. The song recently experienced renewed success through the social media platform TikTok, going viral and becoming the most popular song on the platform for all of 2022, playing in nearly 11 million user videos.

/ / /

5. To date, Defendants have refused to even give attribution to De De Mouse and Dublab for the sample that forms the core of their hit song, let alone license their use of the work for commercial purposes.

## JURISDICTION AND VENUE

6. This is a civil action arising under the copyright laws of the United States and the statutory and common laws of the State of California. This Court therefore has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as well as supplemental jurisdiction over the state law claims asserted herein.

7. Defendants have purposefully directed their infringing activity at the State of California. Defendants intentionally published their materials on publicly available websites, including Spotify, YouTube, and Soundcloud.

8. Defendants have expressly aimed the publishing and performance of the "Ginseng Strip 2002" at the State of California. On information and belief, Defendants have extensively promoted, marketed, and performed the infringing work in the State of California, including within Los Angeles County, San Bernardino County, Orange County, and Riverside County, located within the Central District of California.

9. Specifically, on information and belief, Yung Lean performed "Ginseng Strip 2002" during live performances at Coachella Music Festival in Indio, California on April 15, 2023 and April 22, 2023, the Smoker's Club Festival in San Bernardino, California on April 30, 2022, as well as during his live performances in Los Angeles, California on at least January 29, 2022 and December 10, 2022. On information and belief, defendants Yung Gud and Year0001 have accompanied Yung Lean on some or all of these performances. In addition, Year0001 has distributed Yung Lean's albums, including those containing the infringing work, in California, as well as promoted and advertised Yung Lean's live performances and albums in California.

10. Defendants' actions were taken with knowledge that harm was likely to be suffered in California. In March 2021, Plaintiff discovered that Defendants had sampled "Loop 61" in "Ginseng Strip 2002" without permission. On or about March 30, 2021, Plaintiff reached out to Year0001 to notify them of their infringement of the "Loop 61" sample. Year0001 responded by stating "we love dublab and we have the upmost respect and admiration for your work. . . . Would love to make something happen with YEAR0001 and dublab one day. Let's stay on contact!"

11. However, shortly after acknowledging that they had sampled Plaintiff's work, Defendants stopped responding to Plaintiff's communications entirely. As such, Defendants' exploitation of the infringing work after March 2021 was done with full knowledge that the effects of their infringement would be felt in California.

12. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c)(3), and 1400(a), in that, *inter alia*, Defendants are not residents of the United States and are subject to personal jurisdiction in California.

### THE PARTIES

13. Plaintiff FUTURE ROOTS, INC. D/B/A DUBLAB ("Dublab") is a Delaware non-profit corporation, with its principal place of business in Los Angeles, California.

14. Defendant YEAR0001 AB ("Year0001") is, upon information and belief, a Swedish Corporation that does business in this district. Year0001 is the record label that released "Ginseng Strip 2002" as well as the Lavender EP, the album on which "Ginseng Strip 2002" appears.

15. Defendant JONATAN ARON LEANDOER HÅSTAD A/K/A YUNG LEAN ("Yung Lean") is an individual who, upon information and belief, resides in Sweden. Yung Lean is the musician who recorded "Ginseng Strip 2002."

16. Defendant CARL-MIKAEL GÖRAN BERLANDER A/K/A YUNG GUD ("Yung Gud") is an individual who, upon information and belief, resides in Sweden. Yung Gud is the producer who made the beat for "Ginseng Strip 2002."

17. Does 1-10, inclusive, are sued herein under fictitious names because their true names and capacities are unknown at this time. The complaint will be amended appropriately when their names and capacities are ascertained.

18. On information and belief, Dublab alleges that each of such fictitiously named Defendants is responsible in some manner for the occurrences alleged herein.

19. Defendants Year0001, Yung Lean, Yung Gud, and Does 1-10 are collectively referred to as the "Defendants" hereafter.

20. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and actively participating with each other in committing the wrongful acts alleged herein.

## BACKGROUND

### A. The Creation of Loop 61

21. Dublab is a Los Angeles-based, community-supported internet radio station and creative collective dedicated to the growth of positive music, arts, and culture.

22. In early 2008, in collaboration with the Creative Commons, Dublab commissioned an array of musicians, including musical producer De De Mouse, to create 8-second audio loops for INTO INFINITY, a compilation of 8-second sound loops and circular graphics from audio and visual artists from around the world.

23. On or about August 26, 2008, Dublab released the INTO INFINITY compilation, making each of the INTO INFINITY works available for download under the Creative Commons Attribution-Noncommercial 3.0 copyright license. A copy of the Into Infinity press release is attached hereto as **Exhibit "A"**.

24. "Loop 61," is one of the 8-second audio loops released as part of the INTO INFINITY compilation, created as a work for hire by producer De De Mouse (real name: Daisuke Endo).

25. Dublab owns the copyright in "Loop 61," Copyright Registration No. SR0000952467, created as a work for hire by De De Mouse in 2008 and registered

for copyright on or about December 15, 2022. A true and correct copy of Plaintiff's Registered Deposit Copy Sound Recording shall be lodged with the Court as **Exhibit "B"**.

26. De De Mouse further entered into a Copyright Assignment Agreement with Dublab, dated May 24, 2023 and effective, *nunc pro tunc*, as of June 15, 2008, assigning his copyright interest in "Loop 61," together with all claims for damages by reason of past infringement, to Dublab for good and valuable consideration. This Copyright Assignment Agreement formalized the oral and written agreements of the Parties dating back to the time that De De Mouse submitted "Loop 61" to Dublab for inclusion in the INTO INFINITY compilation, which agreements were confirmed again in 2021. A true and correct copy of the Copyright Assignment Agreement is attached hereto as **Exhibit "C"**.

27. "Loop 61" was published under the Creative Commons Attribution-Noncommercial 3.0 license (the "License"). The License gave the public the legal right to share, remix, and reuse all of the pieces of Into Infinity for noncommercial purposes, so long they gave attribution, and did not apply legal terms or technological measures (such as Digital Rights Management) to restrict others from doing anything the license permits. A true and correct copy of the License is attached hereto as **Exhibit "D"**.

B. **Defendants Sample Loop 61 To Create Ginseng Strip 2002**

28. On information and belief, Defendants created Ginseng Strip 2002 by sampling Loop 61 extensively in 2012 or 2013. According to Defendants, Yung Gud, the producer of Ginseng Strip 2002, found music on a used hard drive that he had purchased in or about 2009 or 2010, which apparently included Loop 61. Yung Gud thought that Loop 61 sounded interesting, so he worked on that sample for a couple of hours to make the beat for what would ultimately become Ginseng Strip 2002. He then forgot the name of the original file, so Defendants did not clear the sample for Ginseng Strip 2002 when it was released commercially.

29. Defendants acknowledge that Ginseng Strip 2002 samples Loop 61. In fact, Loop 61 plays, in full, on repeat 18 times throughout the duration of Ginseng Strip 2002, forming the rhythmic pattern of the song as well as the harmonic structure on which everything else, including Yung Lean's vocals, are built. A true and correct copy of Defendants' Ginseng Strip 2002 shall be lodged with the Court as **Exhibit "E"**.

30. Yung Lean released Ginseng Strip 2002 on Soundcloud on or about January 19, 2013. Contrary to the License, they did not give attribution to De De Mouse, Dublab, or the Creative Commons, let alone provide a link to the license and original material or indicate if changes to the work were made.

31. Later that year, Defendants began to exploit Ginseng Strip 2002 commercially. On or about March 25, 2013, Yung Lean uploaded the music video for Ginseng Strip 2002 to YouTube. And, on or about August 16, 2013, Defendants released the Lavender EP, a three-track album that included Ginseng Strip 2002 along with two other songs. On information and belief, around this time Defendants began selling physical versions of the Lavender EP, and published Ginseng Strip 2002 to several different music platforms, including Spotify, iTunes, Apple Music, and Deezer.

32. Each of Defendants' commercial uses of Ginseng Strip 2002 was directly contrary to, and in excess of the scope permitted by, the License. First, Defendants exploited Loop 61 commercially. Second, Defendants imposed technological measures and restrictions on Loop 61 by publishing Ginseng Strip 2002 through music platforms that impose digital rights management (DRM), such as Spotify, YouTube, iTunes, Apple Music, Deezer, Amazon Music, and Tidal. And third, Defendants failed to give attribution as required by the License. To date, Defendants still have not given proper attribution to Dublab, De De Mouse, and the Creative Commons under the License. Defendants' commercial release of Ginseng Strip 2002, without any attempt to clear the sample used therein, was at best

willfully blind to the possibility of infringement.

33. Dublab was unaware of Ginseng Strip 2002, or Defendants' unauthorized sampling of Loop 61, until March 2021.

34. Defendants have never publicly acknowledged that Ginseng Strip 2002 sampled Loop 61. After years of ignoring Dublab's request for attribution, Defendants quietly added Dublab and De De Mouse as producer credits on Spotify and YouTube, but still have not given Dublab or De De Mouse any credit on the majority of platforms or even the Year0001 website.

C. **Defendants Refuse To Credit Plaintiff As Ginseng Strip 2002 Becomes A Massive Success**

35. When it was first released in 2013, Ginseng Strip 2002 experienced only moderate success. Consequence of Sound placed Ginseng Strip 2002 in its Top 50 Songs of 2013. By July 2014, Ginseng Strip 2002 had approximately 2 million views on YouTube. Ginseng Strip 2002 received some traction in niche music circles, but nothing like the success that would soon come.

36. Yung Lean, and Ginseng Strip 2002, steadily gained popularity over time. By late 2020, Ginseng Strip 2002 had garnered approximately 30 million views on YouTube.

37. In or about March 25, 2021, fans of Yung Lean discovered the source of the Ginseng Strip 2002 sample. Dublab discovered that Yung Lean had sampled Loop 61 through a post on Reddit dated March 26, 2021. This was the first time that Dublab became aware of Ginseng Strip 2002, or Defendants' unauthorized sampling of Loop 61 in excess of the scope permitted by the License. A true and correct copy of the Reddit post is attached hereto as **Exhibit "F"**.

38. Dublab uploaded Loop 61 to Bandcamp for the first time after reviewing this Reddit post.

39. Shortly afterward, on or about March 30, 2021, Dublab contacted Defendants regarding their unauthorized sample of Loop 61. Defendants

acknowledged that they had sampled Loop 61 in creating Ginseng Strip 2002. Initially, Defendants appeared to be cooperative, even offering to do a collaboration with Dublab for its upcoming Membership Drive.

40. However, despite their initial friendliness, Defendants soon changed their tune. Defendants stopped responding to Dublab's communications, did not participate in the Membership Drive, and never provided appropriate attribution. From this point forward, Defendants continued to exploit Loop 61 and Ginseng Strip 2002 with actual knowledge of their infringing activity.

41. In early 2022, Ginseng Strip 2002 became a viral success through the social media platform TikTok. Despite being nearly a decade old, in February 2022, Ginseng Strip 2002 charted at number 47 on the Billboard Global 200 chart for the first time, just beneath pop icons like Frank Ocean and Ed Sheeran, and above songs from artists such as Taylor Swift, Post Malone, The Weeknd, and Imagine Dragons.

42. Ginseng Strip 2002 has since accrued nearly 250 million plays on Spotify and nearly 90 million views on YouTube. Ginseng Strip 2002 was the most popular song on TikTok for all of 2022, with uses in nearly 11 million user videos. Ginseng Strip 2002 is by far Yung Lean's most popular song, having nearly 5 times more views than his next most popular track.

43. Defendants have leveraged the success of Ginseng Strip 2002 to boost their own brands. For instance, in April 2023, Yung Lean played both weekends of the Coachella Music Festival, where he performed Ginseng Strip 2002 in its entirety.

44. Much of the success of Ginseng Strip 2002 is attributable to the Loop 61 sample, which forms the core of the song. A review of user comments on YouTube and Soundcloud reveal numerous comments praising the beat and the sample.

/ / /

/ / /



45. Following Defendants' stonewalling of Dublab, on or about November 1, 2022, Dublab sent Defendants a cease-and-desist letter regarding their unauthorized sampling of Loop 61. A true and correct copy of Dublab's November 1, 2022 cease-and-desist letter is attached hereto as **Exhibit "G"**.

46. In this letter, Dublab made clear that a belated attempt at attribution—following Defendants' refusal to provide attribution for over one year—would be too little, too late. On information and belief, Defendants only provided Dublab and De De Mouse with a producer credit on Spotify and YouTube after receiving this letter. Defendants' belated producer credit does not constitute proper attribution under the License, and is contrary to the License's requirement that a party's attribution cannot assert or imply a connection with, sponsorship, or endorsement by the original creator. Furthermore, Defendants did not even attempt to give attribution on the majority of distribution platforms, including Defendants' own website, and further failed to give any public acknowledgement of Dublab and De De Mouse.

47. Despite receiving this second notice from Dublab, Defendants continued to exploit Loop 61 and Ginseng Strip 2002, knowing that their use of the Loop 61 sample was unauthorized and in excess of the scope of the License.

/ / /

/ / /

## FIRST CAUSE OF ACTION

### Direct Copyright Infringement

### (Against All Defendants)

48. Plaintiff hereby repeats and realleges each of the foregoing paragraphs.

49. Plaintiff owns all rights in the musical composition and sound recording "Loop 61," which is an original and novel copyrightable composition and sound recording.

50. Without authorization or permission, Defendants have exploited Plaintiff's composition and sound recording, reaping millions of dollars in financial rewards and other pecuniary benefits to the detriment of Plaintiffs. Indeed, Defendants admit that they sampled Loop 61 in its entirety to create Ginseng Strip 2002.

51. Defendants have violated Plaintiff's exclusive rights by, among other things, doing the following:

   a. copying and reproducing Plaintiff's musical composition and sound recording copyrights without permission and in excess of the scope of the License;

   b. preparing derivative works based upon Plaintiff's musical composition and sound recording copyrights which incorporate and are substantially similar to Plaintiff's work;

   c. distributing copies of the copyrighted work to the public; and

   d. performing the copyrighted work publicly.

52. Defendants' actions were without authorization or permission and in excess of the scope of the License. In particular, Defendants exploited the copyrighted works commercially, on platforms imposing digital rights management, and failed to give Plaintiff, De De Mouse, or the Creative Commons any attribution or credit for Defendants' use of the Loop 61 sample, let alone the attribution required by the License.

53. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including and accounting of and constructive trust with respect to such profits, which include, but are not limited to, licensing fees, mechanical royalties, advertising revenue, streaming revenue, concert revenue, and any other revenue derived from the exploitation of the infringing song Ginseng Strip 2002.

54. Defendants' infringement of Loop 61 was willful and deliberate, without a reasonable and good faith belief of innocence. Therefore, Defendants are not entitled to deduct expenses from the foregoing assessment of profits.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement

### (Against All Defendants)

55. Plaintiff hereby repeats and realleges each of the foregoing paragraphs.

56. Plaintiff owns all rights in the musical composition and sound recording "Loop 61," which is an original and novel copyrightable composition and sound recording.

57. Defendants have had knowledge of ongoing infringing activity that is the subject of this lawsuit, and have induced and materially contributed to the infringing conduct of the direct infringers of Plaintiff's copyrighted song.

58. Without authorization or permission, Defendants continue to exploit Plaintiff's Loop 61 song, reaping tremendous financial rewards and other pecuniary benefits, to the detriment of Plaintiff.

59. As a direct and proximate result of said infringement, Plaintiff is entitled to damages in an amount to be proven at trial. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including and accounting of and constructive trust with respect to such profits.

/ / /

60. Defendants' infringement of Loop 61 was willful and deliberate, without a reasonable and good faith belief of innocence. Therefore, Defendants are not entitled to deduct expenses from the foregoing assessment of profits.

## THIRD CAUSE OF ACTION

### Vicarious Copyright Infringement

### (Against All Defendants)

61. Plaintiff hereby repeats and realleges each of the foregoing paragraphs.

62. Plaintiff owns all rights in the musical composition and sound recording "Loop 61," which is an original and novel copyrightable composition and sound recording.

63. Defendants profit from the dissemination, sale, distribution, and licensing of the infringing song, Ginseng Strip 2002.

64. Defendants, as producers, publishers, songwriters, and copyright holders, have control over the dissemination, sale, distribution, and licensing of the infringing song Ginseng Strip 2002.

65. Without authorization or permission, Defendants continue to exploit Plaintiff's Loop 61 song through the dissemination, sale, distribution, and licensing of the infringing song Ginseng Strip 2002, reaping tremendous financial rewards and other pecuniary benefits, to the detriment of Plaintiff.

66. As a direct and proximate result of said infringement, Plaintiff is entitled to damages in an amount to be proven at trial. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including and accounting of and constructive trust with respect to such profits.

67. Defendants' infringement of Loop 61 was willful and deliberate, without a reasonable and good faith belief of innocence. Therefore, Defendants are not entitled to deduct expenses from the foregoing assessment of profits.

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (Against All Defendants)

68. Plaintiff hereby repeats and realleges each of the foregoing paragraphs.

69. Plaintiff owns all rights in the musical composition and sound recording "Loop 61," which is an original and novel copyrightable composition and sound recording.

70. Plaintiff published Loop 61 under the Creative Commons Attribution-Noncommercial 3.0 license in August 2008.

71. The License provides that "by exercising any rights to the work provided here, you accept and agree to be bound by the terms of this license."

72. Defendants accepted and agreed to be bound by the terms of the License by reproducing Loop 61, creating a derivative work using Loop 61 (i.e., Ginseng Strip 2002), distributing Loop 61 and Ginseng Strip 2002, and by publicly performing Loop 61 and Ginseng Strip 2002. In the alternative, Defendants did not agree to the terms of the License, and Defendants' foregoing uses of Loop 61 were unlicensed and without any sort of arguable permission, thus constituting copyright infringement.

73. Plaintiff fully performed under the License or was otherwise excused from performance.

74. Defendants breached the License by, among other things:

    a. Copying and reproducing Loop 61, preparing derivative works incorporating Loop 61, distributing copies of Loop 61 and Ginseng Strip 2002 to the public, and publicly performing Loop 61 and Ginseng Strip 2002 in a "manner that is primarily intended for or directed toward commercial advantage or private monetary compensation," in violation of Section 4(b) of the License;

      b.    Uploading or causing Loop 61 and Ginseng Strip 2002 to be uploaded to platforms which impose DRM, i.e., "imposing effective technological measures on the Work that restrict the ability of a recipient of the Work to exercise the rights granted to that recipient under the terms of the License," in violation of Section 4(a).

      c.    Upon information and belief, sublicensing the work, in violation of Section 4(a);

      d.    Failing to include a copy of the Uniform Resource Identifier for the License with any copy of Loop 61 or Ginseng Strip 2002 that Defendants distributed or publicly performed, Section 4(a);

      e.    Failing to give proper attribution for the work under Section 4(c) of the License;

      f.    Asserting or implying connection with, sponsorship, or endorsement by Dublab and De De Mouse by belatedly giving Dublab and De De Mouse a producer credit on Spotify and YouTube.

75. Defendants made no effort whatsoever to comply with the terms of the License, even after it was brought to their attention. Defendants' actions exceeded the scope of the License and thus constitute copyright infringement.

76. Defendants' breaches of the License directly and proximately caused damage to Plaintiff. Defendants failed to give proper attribution to Plaintiff and have refused to pay Plaintiff royalties for their unauthorized use of the work commercially and through platforms which impose DRM.

/ / /

/ / /

/ / /

/ / /

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

(a) Requiring Defendants to account for all proceeds, expenses and profits related to Defendants' infringement of Plaintiff's copyright in Loop 61;

(b) Ordering Defendants to disgorge any and all profits from their individual, joint, vicarious, or contributory infringements of Plaintiff's copyright in Loop 61;

(c) Finding Defendants' infringement was willful and thus that Defendants may not deduct expenses from their disgorgement of profits;

(d) Awarding damages, together with interests and costs, in such amount as may be found, or as otherwise permitted by law;

(e) Granting Plaintiff's full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

(f) Granting Plaintiff such other and further relief as the Court deems just and proper.

DATED: August 18, 2023            ERVIN COHEN & JESSUP LLP
                                  Russell M. Selmont
                                  Elliot Chen

                                  By: _____
                                  Russell M. Selmont
                                  Attorneys for Plaintiff Future Roots, Inc.
                                  d/b/a Dublab

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury on all issues so triable.

DATED: August 18, 2023                ERVIN COHEN & JESSUP LLP
                                      Russell M. Selmont
                                      Elliot Chen

                                      By: _____
                                      Russell M. Selmont
                                      Attorneys for Plaintiff Future Roots, Inc.
                                      d/b/a Dublab